## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER GLUMP | ) | |
| 7520 Boulder Street | ) | |
| Springfield, VA  22151 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| SANJEEV TULI | ) | |
| 11029 Daybreak Court | ) | |
| Rockville, MD  20852 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HERITAGE MANAGEMENT | ) | |
| SERVICES, LLC | ) | |
| 4931 Cordell Avenue | ) | |
| Bethesda, MD  20814 | ) | |
| | ) | |
| Serve:  Sanjay Suri | ) | |
| 8501 West Howell Road | ) | |
| Bethesda, MD  20817 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Christopher Glump ("Plaintiff"), by and through undersigned counsel, hereby

submits his Complaint against Defendants Sanjeev Tuli ("Tuli"), and Heritage Management

Services, LLC ("HMS") (collectively, "Defendants"), to recover unpaid wages, liquidated

damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ( "FLSA"), for unpaid wages,

liquidated damages, interest, reasonable attorney's fees, and costs under the D.C. Minimum

Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"), and to recover

unpaid wages, liquidated damages, interest, attorney's fees and costs under the D.C. Wage

Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq* ("DCWPA").

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Commonwealth of Virginia.

2.      Tuli is an individual and owner of Heritage Management Services, LLC,

domiciled in Rockville, Maryland.

3.      HMS is a limited liability company formed under the laws of the State of

Maryland with its principal office in Montgomery County, Maryland.

4.      At all times relevant to this action, Plaintiff was employed at Defendant's

restaurant, Crossroads, in the District of Columbia

5.      At all times relevant to this action, Defendants were each, and together, Plaintiff's

"joint employer," "employer," or "integrated enterprise employer" within the meaning of the

FLSA, DCMWA, and DCWPA.

6.      At all times, Defendants each, and together, provided Plaintiff with all necessary

tools and equipment required to perform work duties for Defendants.

7.      At all times, Defendants each, and together, controlled and supervised the work

performed by Plaintiff.

8.      At all times, Defendants each, and together, supervised Plaintiff's work duties on

a daily or near-daily basis.

9.      At all times, Defendants each, and together, had the authority to control the work

of Plaintiff, and Defendants had the power and authority to change the course of Plaintiff's work

duties.

10.     At all times, Plaintiffs recognized Defendants' authority each, and together, as employer and obeyed Defendants' instructions.

11.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12.     Plaintiff is a former employee of Defendants at Defendants' restaurant, Crossroads, in the District of Columbia.

13.     Plaintiff's job title was Bar Manager; however, the title was not representative of his duties.

14.     Pursuant to the stated terms of Plaintiff's employment, Plaintiff understood his primary source of wages would be tipped income and, as such, his primary role would be as a bartender.

15.     Plaintiff's job duties also included organizing and preparing the bar area and ordering bar inventory.

16.     Plaintiff commenced his employment with Defendants at their Washington, District of Columbia restaurant Crossroads on or about March 14, 2013.

17.     At all times relevant times, Plaintiff's contracted for and stated wages were to be a weekly rate of $500 per week plus tips, regardless of the number of hours Plaintiff worked in any given week.

18.     Plaintiff's employment can be divided into two time periods: before Crossroads opened ("the pre-opening period") and after Crossroads opened ("the post-opening period").

19.     In the four (4) weeks of the pre-opening period, Plaintiff routinely arrived at work each day before 10:00 AM and departed after 8:00 PM (10 hours per day).

20.     In the pre-opening period, Plaintiff, as a practical matter, simply did not receive tips.  Crossroads was not open to the public.

21.     During the pre-opening period, Plaintiff was consistently working seventy (70) hours a week.

22.     Even without accounting for overtime, Plaintiff's contract for $500 per week without tips during the pre-opening period amounts to $7.14 per hour, or $1.11 less than the $8.25 minimum wage in the District of Columbia.

23.     In the subsequent four (4) weeks of the post-opening period, Plaintiff consistently worked from 10:00 AM to 10:00 PM each day, amounting to twelve (12) hours per day and eighty-four (84) hours per week.

24.     Even without accounting for overtime, Plaintiff's contract for $500 per week during the post-opening period amounts to $5.95 per hour, or $2.30 less than the $8.25 minimum wage in the District of Columbia.

25.     Plaintiff unfortunately found that during the post-opening period, he worked more hours and only received tips except for exactly one (1) day during this four-week period.

26.     On the day of the grand opening, Plaintiff received roughly $100 in tips.

27.     This was the sole shift of the fifty-three (53) shifts he worked in his eight (8) week employment period for Defendants during which he received tips.

28.     Plaintiff took three days off during his employment with Defendants.

29.     Plaintiff worked a total of fifty-three (53) shifts for a total of five hundred eighty-six (586) hours during his employment with Defendants.

30.     In the eight (8) weeks of his employment, Plaintiff worked a total of three hundred twenty (320) non-overtime hours for Defendants.

31.     In the eight (8) weeks of his employment, Plaintiff worked a total of two hundred sixty-six (266) overtime hours for Defendants.

32.     At all times, Defendants had knowledge that Plaintiff regularly and customarily worked seventy (70) or many more hours per week and suffered or permitted Plaintiff to work seventy (70) or many more hours per week.

33.     At no time did Defendant pay Plaintiff, as required by District of Columbia and Federal law, earn minimum wage for hours worked.

34.     Within the District of Columbia, where Plaintiff's workplace was located, the minimum wage is $8.25 per hour.

35.     At no time did Defendant pay Plaintiff, as required by District of Columbia and Federal law, overtime wages for hours worked each week in excess of forty (40).

36.     At no time did Plaintiff perform work that meets the definition of exempt work under the DCMWA or FLSA.

37.     After eight (8) weeks of partial and erratic payments, Plaintiff resigned his position with Defendant.

38.     After Plaintiff's resignation, Defendant issued a check to Plaintiff in the amount of a portion of his backpay; unfortunately, Defendant stopped payment on that check almost immediately after issuing it.

**WILLFULNESS**

39.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-34 above, as if each were set forth herein.

40.     All actions by Defendants were willful and not the result of mistake or inadvertence.

41.     Defendants knew or should have known of their obligation to pay Plaintiff for the time he worked under their original agreement.

42.     Defendants knew or should have known that Plaintiff would not receive any tipped income in the pre-opening period.

43.     Plaintiff was not compensated on a normal, bi-weekly pay schedule, nor on any other type of discernible schedule; instead, Plaintiff was paid in random amounts on an erratic schedule.

44.     Defendants were further given notice of their obligation to pay Plaintiff by his letter of resignation, in which Plaintiff demanded the wages promised to him for the work he performed.

45.     Defendants acknowledged their obligation to pay by remitting a check to Plaintiff in the amount of part of Plaintiff's actual damages to compensate Plaintiff for his work.

46.     Defendants willfully stopped payment on this check, preventing Plaintiff from receiving some of the damages he is due under this action.

47.     Despite being on notice of its acknowledged obligation to Plaintiff, Defendants willfully refused to pay the wages Plaintiff was owed for the work he performed.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act
(Overtime)**

48.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-43 above, as if each were set forth herein.

49.     The FLSA requires that employers pay employees wages that compensates the employees for non-overtime hours worked each week at an hourly rate at least equal to the District of Columbia Minimum Wage, $8.25 per hour, and for overtime hours worked per week in excess of forty (40) at an hourly rate not less than one-and-one half (1½) times the District of Columbia Minimum Wage ($8.25 * 1.5 = $12.38 per hour).

50.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

51.     Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both Defendants were his "employers" under FLSA, 29 U.S.C. § 207(a)(2).

52.     For eight (8) weeks beginning on or about March 14, 2013, Plaintiff regularly and customarily worked weeks in which he received wages for non-overtime hours at a rate less than $8.25 per hour and overtime hours in excess of forty (40) for which he was paid at a rate less than $12.38 per hour.

53.     Defendants, as Plaintiff's employers, were obligated to compensate the Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

54.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours.

55.     As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times their regular hourly rate for overtime hours worked each week.

56.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

57.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-52 above, as if each were set forth herein.

58.     Plaintiff was an "employee," and each of the Defendants were Plaintiff's "employers" within the meaning of DCMWA, D.C. Code §§ 32-1001 *et seq.*

59.     As Plaintiff's employers under the DCMWA, Defendants were obligated to pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40) as required by the DCMWA.

60.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours but was not properly compensate by Defendant for those overtime hours worked.

61.     Overtime pay is due and owing to Plaintiff under the DCMWA.

62.     Defendant's failure to pay Plaintiff for overtime hours worked as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for unpaid overtime wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

63.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-58 above, as if each were set forth herein.

64.     Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

65.     Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiffs for non-overtime hours worked each week at an hourly rate at least equal to the District of Columbia Minimum Wage, $8.25 per hour.

66.     As set forth above, while in Defendants' employ, Plaintiff worked approximately five hundred eighty-six (586) hours over the course of eight weeks during which Defendants promised to pay a flat weekly salary in the amount of $500 per week.

67.     During this time period, Plaintiff's regular rate of pay was equal to approximately to $7.14 per hour during the pre-opening period ($500.00 per week / 70 hours per week = $7.14 per hour), or $1.11 less than the $8.25 minimum wage in the District of Columbia, and $5.95 per hour during the post-opening period ($500.00 per week / 84 hours per week = $5.95 per hour), or $2.30 less than the $8.25 minimum wage in the District of Columbia.

68.     As a consequence of the foregoing, Defendants failed to compensate Plaintiff at an hourly rate at least equal to the District of Columbia minimum wage.

69.     Defendants' refusal to pay Plaintiff minimum wage compensation as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## <u>COUNT IV</u>
### Violation of D.C. Wage Payment and Wage Collection Act

70.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-66 above, as if each were set forth herein.

71.     Plaintiff was an "employee" and each of the Defendants were Plaintiff's "employers" within the meaning of the DCWPA.

72.     Defendants, as Plaintiff's employers under the DCWPA, were obligated to pay Plaintiff all wages promised for work that Plaintiff performed.

73.     "Wages" are defined under DCWPA as, "monetary compensation after lawful deductions, owed by an employer for labor services rendered . . . ."

74.     Plaintiff worked many hours for Defendants in the District of Columbia for which Defendants, without legal excuse or justification, failed and refused to pay Plaintiff all wages promised and agreed at Plaintiff's weekly rate for job duties performed at or before the end of Plaintiff's employment with Defendants.

75.     Defendants withheld and refused to pay Plaintiff the above referenced wages without Plaintiff's permission and without any other justification recognized or otherwise allowed by the DCWPA.

76.     Defendants owe Plaintiff back wages equal to the difference between the rate Defendants paid Plaintiff for hours worked and the weekly rate Plaintiff was promised and agreed to under the DCWPA, approximately $3,134.50.

77.     Defendants' unlawful and unauthorized withholding of Plaintiff's wages constitutes a failure by Defendant to pay Plaintiff all wages due on time and as required for work performed as mandated by the DCWPA.

78.     Defendants' failure and refusal to pay Plaintiff, for work performed, all wages promised and agreed to at or before the end of Plaintiff's employment with Defendants as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Date: November 4, 2013                      /s/Justin Zelikovitz
                                            Justin Zelikovitz (#986001)
                                            Law Office of Justin Zelikovitz PLLC
                                            409 U Street NW
                                            Washington, DC  20001
                                            T: (202) 445-6960
                                            F: (202) 683-6102
                                            justin@dcwagelaw.com

/s/Joshua Erlich
Joshua Erlich (*pro hac vice pending*)
The Erlich Law Office, PLLC
2111 Wilson Boulevard, Suite 700
Arlington, VA  22201
T: (703) 791-9087
F: (703) 351-9292
jerlich@erlichlawoffice.com

*Counsel for Plaintiff*